No. 13871

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

STATE OF MONTANA,

        Plaintiff and Appellant,

-vs-

ALLISON K. STENSON,

        Defendant and Respondent.

---

Appeal from:  District Court of the Ninth Judicial District,
Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        John P. Moore, County Attorney, Cut Bank, Montana
        Larry Epstein, Deputy County Attorney, argued, Cut
        Bank, Montana

    For Respondent:

        Werner and Nelson, Cut Bank, Montana
        James C. Nelson argued, Cut Bank, Montana

    For Amicus Curiae:

        Barney Reagan, Cut Bank, Montana
        Philip E. Roy, Browning, Montana

---

Submitted:  December 8, 1977

Decided: FEB 16 1978

Filed: FEB 16 1978

_Thomas J. Kearney_ Clerk

Hon. Peter G. Meloy, District Judge, sitting for Mr. Justice Frank I. Haswell, delivered the Opinion of the Court:

Defendant, a non-Indian, was charged in the District Court, Glacier County, with criminal possession of dangerous drugs. The state appeals from the District Court's order suppressing evidence seized on the Blackfeet Indian Reservation by Blackfeet Tribal police acting under authority of a search warrant issued by the Blackfeet Tribal Court. The Blackfeet Tribe and Barney Reagan filed briefs as amicus curiae.

On December 2, 1976, Clifford O. Edwards, the Blackfeet Tribal investigator, applied to the Blackfeet Tribal Court for a search warrant to search Room 205 of the War Bonnet Lodge in Browning, Montana, located within the exterior boundaries of the Blackfeet Indian Reservation. Edwards applied for the warrant pursuant to Chapter 6 of the Blackfeet Tribal Law and Order Code. From his own investigation and from information supplied by informants, Edwards believed that a "convicted user of narcotics" was selling drugs from Room 205. Edwards later testified at the suppression hearing that the "convicted user" he referred to in his application for a search warrant was Gale James Lapeyre, an enrolled member of the Blackfeet Tribe. Room 205 was registered in the name of Mr. M Disposal Service, a corporation.

Upon receiving Edwards' application for a search warrant and taking unrecorded testimony in its support, Lenore Salois, Chief Judge of the Blackfeet Tribal Court, issued a search warrant. When Edwards and other tribal officers searched the motel room, they found and confiscated dangerous drugs consisting of marijuana and LSD, and certain drug paraphernalia. They then arrested the two persons occupying the room, Lapeyre and Allison K. Stenson, defendant in this action. The tribal authorities turned Lapeyre

over to the federal authorities for prosecution and turned Stenson over to the state authorities for prosecution.

On appeal we are asked to decide these issues:

1. Whether the validity of a search warrant, and affidavit in its support, issued by the Blackfeet Tribal Court should be determined by Montana law or Blackfeet Tribal law, where the search is of a motel room located within the exterior boundaries of the Reservation, where the search results in the arrest of a non-Indian occupant of the motel room, and where the evidence obtained pursuant to the search warrant is turned over to state law enforcement authorities for use in a state prosecution of the non-Indian?

2. Whether the search warrant and affidavit were defective under the applicable law?

The state contends the validity of the search warrant and affidavit must be governed by Blackfeet Tribal law. It argues that because the Congress of the United States has granted Indian tribes the power to adopt a tribal constitution and by-laws pursuant to which the Blackfeet Tribe established a Tribal Court and a Tribal Law and Order Code, the Blackfeet Tribe is the "only proper authority vested with jurisdiction to issue a Warrant for a Search such as was conducted here."

In the alternative the state argues this Court should analogize the present situation to the relationship established between federal and state governments where evidence obtained pursuant to a state issued search warrant is admissible in a federal prosecution if by federal standards there has not been an unreasonable search and seizure.

- 3 -

The amicus Blackfeet Tribe contends that under either conflict of laws or comity doctrines, Blackfeet Tribal law is the appropriate law by which to judge the validity of the search warrant and affidavit. In the alternative, the Tribe argues that Blackfeet Tribal law is entitled to full faith and credit under the full faith and credit clause of the United States Constitution.

The other amicus contends: (1) that there are not sufficient facts shown to determine whether, under the Blackfeet Tribal Constitution and Law and Order Code, the Blackfeet Tribal Court had jurisdiction to issue the search warrant; and (2) that in determining whether probable cause existed to issue the search warrant, this Court need not decide which law, Montana or Blackfeet, applies because the statutes involved are "exactly the same."

Defendant argues that Montana statutes and their case law interpretation are the applicable law and that a non-Indian by going onto the reservation does not waive the protection afforded him by the Montana Constitution and Criminal Procedure Code.

During oral argument, both the state and defendant agreed that under any law--federal, state or tribal-- the search warrant and affidavit were defective and the evidence must be suppressed. Given the parties' agreement that in any event the evidence must be suppressed, we hold it is not appropriate for this Court to decide the other questions they raise. The order is affirmed.

Hon. Peter G. Meloy, District Judge
sitting in place of Mr. Justice
Frank I. Haswell.

- 4 -

We Concur:

_John Conway Harrison_
Acting Chief Justice

_Gene B Daly_

_Daniel J. Shea_
Justices.